Patric A. Lester (SBN 220092)
pl@lesterlaw.com
Lester & Associates
5694 Mission Center Road, #358
San Diego, CA 92108
Phone: (619) 283-6078
Fax: (314) 241-5777

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINGER A. BAUMER,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>LEGAL RECOVERY LAW OFFICES, INC. AND MIDLAND FUNDING, LLC,<br><br>　　　　　Defendant. | Case No. '13CV1648 JAH NLS<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED |

## INTRODUCTION

1.　The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2.　The California legislature has determined that the extension of consumer credit through banking and business transactions is dependent upon the collection of just and owing debts, yet unfair or deceptive collection practices undermine the public

1  confidence essential to the continued functioning of a sound banking and credit system.
2  The legislature has further determined that there is a need to ensure that debt collectors
3  exercise this responsibility with fairness, honesty and due regard for the debtor's rights
4  and that debt collectors must be prohibited from engaging in unfair or deceptive acts or
5  practices.

6      3.    This is an action for actual damages, statutory damages, attorney fees and
7  costs brought by an individual consumer, Ginger A. Baumer, (hereinafter "Plaintiff")
8  against Legal Recovery Law Offices, Inc. (hereinafter "LRLO" or Defendant") and
9  Midland Funding, LLC (hereinafter "Midland" or "Defendant") for violations of the Fair
10 Debt Collection Practices Act, (hereinafter "FDCPA")[1] the Rosenthal Fair Debt
11 Collection Practices Act, California Civil Code section 1788 et seq. (hereinafter "the
12 Rosenthal Act")[2] which prohibit debt collectors from engaging in abusive, deceptive
13 and unfair practices.

14     4.    Plaintiff makes these allegations on information and belief, with the
15 exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which
16 Plaintiff allege on personal knowledge. While many violations are described below with
17 specificity, this Complaint alleges violations of the statutes cited in their entirety.

## JURISDICTION AND VENUE

19     5.    This action arises out of Defendant's violations of the FDCPA, Rosenthal
20 Act.

21     6.    Jurisdiction arises pursuant to 28 U.S.C. § 1391, 1337, 15 U.S.C. §
22 1692(k)(d), and 47 U.S.C. § 277 et seq. and 28 U.S.C. § 1367 for supplemental state
23 claims.

24     7.    As Defendant does business in the state of California, and committed the
25 acts that form the basis for this suit in the state of California, this Court has personal
26 jurisdiction over Defendant for purposes of this action.

27     8.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1).

---

[1] All undesignated section references to §1692 are to the FDCPA
[2] All undesignated section references to §1788 are to the Rosenthal Act

## THE PARTIES

9. Plaintiff is a natural person residing in Denver County, Colorado.

10. Plaintiff is a "consumer" within the meaning of § 1692a(3) being a natural person purportedly obligated to pay a "debt" or "consumer debt", as defined respectively, in § 1692a(5) and Civil Code section 1788.2(f) and allegedly owed to Citibank/Sears. (Hereinafter "Debt").

11. Plaintiff is a "debtor" as that term is defined by Civil Code section 1788.2(h).

12. Defendants are persons and/or business entities who use instrumentalities of interstate commerce in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by § 1692a(6).

13. Defendants in the ordinary course of business, regularly, on behalf of themselves, or others, engage in debt collection as that term is defined by Civil Code section 1788.2(b), and is therefore a debt collector as that term is defined in Civil Code section 1788.2(c).

14. Legal Recovery Law Offices, Inc. was acting as an employee and agent of Midland Funding, LLC as well as on its own, and therefore, Midland Funding, LLC can be held responsible and is vicariously liable for the conduct of Legal Recovery Law Offices, Inc.

## FACTUAL ALLEGATIONS

15. Within one (1) year preceding of the filing of this Complaint, Defendants filed suit, and/or served a copy of that suit, against Plaintiff in the Superior Court of California, Los Angeles County attempting to collect the debt (hereinafter "SCA"). The SCA contained communications within the meaning of §1692a(2) of the FDCPA.

16. Prior to the filing of the SCA, Plaintiff allegedly fell behind in the payment allegedly owed on the alleged debt.

17. Prior to the filing of the SCA, the alleged debt was allegedly assigned, placed or otherwise transferred to Defendant for collection. Plaintiff denies a valid assignment took place.

18. The last payment on the debt was more than four years before the the cause of actions in the SCA accrued.

19. Defendant's claims against Plaintiff accrued more than four years prior to the filing of the SCA.

20. Plaintiff is informed and believes, and thereon alleges, that Defendant misrepresented the legal status of the debt as actionable by suit as the debt was beyond the applicable statute of limitations, was not owned by Defendant Midland or LRLO and therefore for either or both reasons could not legally be sued upon.

21. The so-called affidavits that Defendant has used in the proof of their ownership of the debt contained neither the Plaintiff's name nor cause of action nor court and in fact contained the heading of a New York Court. Nothing in these documents related in any way to the debt or Plaintiff.

22. The representation of the amount of the debt varied in each communication including the SCA even though there was no legal reason for the variation.

23. Defendant attempted to collect a debt that it was neither expressly authorized by the agreement creating the debt nor permitted by law had no legal right to collect by filing the SCA that was barred by the applicable statute of limitations in violation of §1692f.

24. These actions also were unfair and unconscionable means to attempt to collect the debt in violation of §1692f.

25. Defendants attempted to collect improper interest, and legal fees in the SCA, from Plaintiff.

26. Defendant thereby violated §§1692f and f(1) in that Defendant was not expressly authorized by the agreement creating the debt or otherwise permitted by law, as any collection of these amounts by means of the SCA was barred by the statute of

limitations. These actions also were unfair and unconscionable means to attempt to collect the debt in violation of §1692f.

27. By these misrepresentations in connection with the collection of a the debt, by means of the previously mentioned SCA, filed after the statute of limitations had expired, Defendant also violated §§ 1692d, 1692e, 1692e(2)(A), 1692e(10) and 1692f of the FDCPA

28. By violating certain provisions of the FDCPA, Defendants also violated the Rosenthal Act.

## FIRST CLAIM FOR RELIEF
## (Violations of the FDCPA)

29. Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

30. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above cited provisions of § 1692 et seq.

31. As result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to § 1692k(a)(2)(A); reasonable attorney's fees and costs pursuant to § 1692k(a)(3) from defendant.

## SECOND CLAIM FOR RELIEF
## (Claim for violations of the Rosenthal Act)

32. Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

33. Plaintiff is entitled to statutory damages of $1000.00 under Civil Code section 1788.30(b) for violations of Civil Code section 1788.17 because of Defendant violations, as enumerated above, of the FDCPA.

34. Plaintiff is entitled to statutory damages of $1000.00 under Civil Code section 1788.30(b) for Defendant violations, as enumerated above, of the Rosenthal Act.

35. Pursuant to Civil Code section 1788.32, the remedies provided under California Civil Code sections 1788.30 and 1788.17 are intended to be cumulative and in addition to any other procedures, rights or remedies that Plaintiff may have under any other provision of law.

36. As a result of each and every violation by Defendant of the Rosenthal Act as previously stated, Plaintiff is entitled to any actual damages under Civil Code section 1788.30(a), statutory damages of $1000.00 under Civil Code section 1788.30(b) for discrete violations of the Rosenthal Act and also an additional $1,000.00 statutory damages for violation of Civil Code section 1788.17, and attorney's fees and costs under Civil Code section 1788.30(c), from the Defendant.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and for Plaintiff, and prays for the following relief:

(1) Assume jurisdiction in this proceeding;
(2) Declare that the Defendant violated the FDCPA;
(3) Declare that the Defendant violated the Rosenthal Act;
(4) Award of actual damages in accordance with proof at trial, pursuant to § 1692k(a)(1) and Civil Code section 1788.30(a);
(5) Award of statutory damages of $1,000.00 pursuant to § 1692k(a)(2)(A);
(6) Award of statutory damages of $1,000.00 pursuant to Civil Code section 1788.17[3] ;
(7) Award of the costs of litigation and reasonable attorney's fees, pursuant to § 1692k (a) (3) and Civil Code section 1788.30(c);
(8) Such other and further relief this court may deem just and proper.

## **TRIAL BY JURY**

37. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

---

[3] § 1692k(a)(2)(A) of the FDCPA

Dated July 15, 2013

**Lester & Associates**
By   s/ Patric A. Lester
      Attorney for Plaintiff,
      E-mail: pl@lesterlaw.com